USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAY,
Petitioner,

v.

WARDEN,
Respondent.

07 Civ. 2176 (BSJ)(GWG)

**Memorandum & Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Petitioner Charles May ("Petitioner" or "May") to the Report and Recommendation ("R&R") of Magistrate Judge Gabriel W. Gorenstein recommending the denial of May's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules the objections, and DENIES May's Petition for Habeas relief.

## Legal Standard

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a petitioner has stated an objection. See 28 U.S.C. § 636(b)(1)(C); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed . . . the court reviews the report for clear error." Brown v. Ebert, No.

05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (citing Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)). As Petitioner is proceeding pro se, this Court will "read [his] supporting papers liberally, and. . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## Discussion[1]

May raises objections to Magistrate Judge Gorenstein's R&R, which recommends denying May's claims that: (1) his right to due process was violated when the prosecutor impermissibly amended the indictment; (2) his right to due process was violated when the prosecutor gave insufficient notice of the factual allegations against him; (3) his Sixth Amendment right to present an effective defense was violated when false allegations were included in his sentencing report; (4) his right to due process was violated when the prosecutor knowingly presented false information to the grand jury; and (5) his Sixth Amendment right to effective assistance of counsel was violated when his lawyer failed to adequately investigate the allegation that he stole a laptop. Magistrate Judge Gorenstein rejected each of

---

[1] The facts and procedural history of this case are set forth in detail in Magistrate Judge Gorenstein's Report and Recommendation, familiarity with which is presumed.

these possible grounds for relief and this Court will review May's objections de novo.

### i. First Objection

May first objects to Magistrate Judge Gorenstein's recommendation to deny May's claim that the trial court erred when it allowed the prosecutor an "impermissible amendment of [the] indictment" and that Magistrate Judge Gorenstein should have examined the grand jury minutes. (May Objections "May Obj." at 3.) In his petition, May argues that by raising allegations that he stole a laptop during the commission of the crime in front of the grand jury, and then later failing to raise those allegations in front of the petit jury at trial, the prosecutor impermissibly amended the indictment by changing the "theory" on which the case was based. (May Petition at 6.) May quotes LanFranco v. Murray, 313 F.3d 112, 119 (2d Cir. 2002), for the proposition that when a state indictment specifies factual allegations supporting an element of the crime, they are limited to presenting those factual allegations at trial. (Id. at 13.)

However, Magistrate Judge Gorenstein found, and this Court agrees, that May's indictment was not amended through proof at trial. May's argument that the indictment was impermissibly amended rests on a fundamental misunderstanding of the law. May contends that larceny is a "theory" of burglary and that by

3

failing to raise it at trial, the prosecution impermissibly changed its theory of the crime to one of "intent." However, larceny is not a theory of burglary; burglary and larceny are entirely separate crimes. Compare N.Y. Penal Law § 155 (New York law for larceny) with N.Y. Penal Law § 140.30 (New York law for burglary). Burglary requires a finding that the defendant "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein" and does not require a finding of larceny, theft or any other crime. N.Y. Penal Law § 140.30. May's indictment was for burglary and possession of burglary weapons and there is no evidence that the jury was given any charge to consider outside of those in the indictment. May's claim of impermissible amendment is without merit and Magistrate Judge Gorenstein's decision not to review the grand jury minutes was proper.

### ii. Second Objection

May also objects to Magistrate Judge Gorenstein's finding that May was given sufficient notice of the charges in the indictment. "'It is generally sufficient that the indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense . . . .'"

DeVonish v. Keane, 19 F.3d 107, 108 (1994) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).  May was indicted for burglary and possession of burglar's tools and these two charges alone were submitted to the petit jury.  The fact that the prosecution presented evidence of a stolen laptop to the grand jury does not alter the fact that the resulting indictment was only for burglary and possession of burglar's tools and that May had adequate notice of these charges.  May's claim of insufficient notice is without merit.

### iii. Third Objection

Third, May objects to Magistrate Judge Gorenstein's treatment of his third claim: that his sentence was defective because it was based in part on the inaccurate allegation the he stole a laptop during the commission of the crime.  May argues that his pre-sentence report wrongfully included the allegation that he stole a laptop during the commission of the offense and that this was a basis for his sentence.  May further argues that his attorney merely referenced factual inaccuracies in the "report" at sentencing, without specifying that he was referring to the pre-sentence or probation report.  (May Obj. at 6.)  In fact, as Magistrate Gorenstein explains and this Court agrees, the trial judge made clear that the alleged theft in the pre-sentence report was irrelevant to May's sentence and that the

5

claim of the theft had been discredited during trial. (R&R at 14.)

In any case, this claim would be procedurally-barred in any future state court proceedings because it was not raised on appeal to the Appellate Division. See N.Y. Crim. Proc. Law § 440.10(2)(c). A procedurally-barred claim may only be considered by the federal court if the petitioner can show cause for the default and prejudice resulting from it, or that the court's failure to consider the federal claim will result in a fundamental miscarriage of justice because the petitioner is actually innocent. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish cause, a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has shown neither cause for his procedural default nor any facts demonstrating that May was actually innocent of the charges for which he has been convicted.

### iv. Fourth Objection

Fourth, May objects to Magistrate Gorenstein's treatment of his claim that his due process rights were violated when the prosecutor presented misleading or wrongful testimony to the grand jury. May alleges that prosecutor knowingly presented

false information about the laptop computer and committed perjury. There is no federal constitutional right to a grand jury in a state criminal prosecution, see Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990), and thus a claim of deficiency in the proceeding is not "cognizable in a habeas corpus proceeding." Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (citing United States v. Mechanik, 475 U.S. 66 (1986)). This rule applies to claims of perjury. See Brazeau v. Zon, 2007 WL 2903617, at *7 (W.D.N.Y. Oct. 1, 2007). Further adding weight to this finding, a conviction by a petit jury cures any defect in grand jury proceedings. Mechanik, 475 U.S. at 70.

### v. Fifth Objection

Finally, May's objects to Magistrate Judge Gorenstein's finding that May was not denied effective assistance of counsel. Specifically, May alleges that his counsel failed to visit the scene of the crime, was not prepared to deal with the "new" theory in the indictment presented at trial, failed to cross-examine a witness about alleged grand jury perjury, and failed to object to false statements relating to the laptop in the pre-sentence report. According to May, these failures demonstrate ineffective assistance of counsel. In Strickland v. Washington, the Supreme Court found that proving ineffective assistance of counsel requires showing: (1) "that counsel's representation

7

fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). May argues that his attorney should have gone to the building to assess conditions and to investigate claims about the stolen laptop. However, whether or not the laptop was stolen has no bearing on May's conviction of burglary or possession of burglary tools. Based on the eye-witness testimony and videotape evidence presented at trial, there is no indication that a visit to the scene of the crime would have resulted in a different outcome of the case. See e.g., McPherson v. Greiner, 2003 WL 22405449, at *25 (S.D.N.Y. Oct. 22, 2003 (rejecting a claim of ineffective assistance of counsel based on a failure to investigate because "speculation" does not satisfy either prong of the Strickland test).

    May's claim that his attorney was not prepared for trial rests on the faulty premise that there was a new legal "theory" presented at trial. As explained above, both the indictment and charges against May were for burglary and possession of burglar's tools. There was no "new theory" presented at trial and May's counsel was therefore not ineffective as alleged.

May's claim that his attorney was ineffective because he failed to cross-examine an eye-witness about an inconsistency in his grand jury and trial testimony also fails. "Decisions about whether to engage in cross-examination, and if so, to what extent and in what manner are . . . strategic in nature and generally will not support an ineffective assistance of counsel claim." Dunham v. Travis, 313 F.3d 724,732 (2d Cir. 2002). Counsel to May's co-defendant cross-examined the witness on the alleged inconsistency and the strategic choice of May's counsel not to cross-examine does not support an ineffective assistance of counsel claim.

May's final claim of ineffective assistance of counsel, that his attorney failed to address the pre-sentence report error with respect to the laptop, also fails. As explained above, May's counsel did raise this error before the sentencing judge and the judge explicitly stated it was not relevant to his sentencing decision. As Magistrate Judge Gorenstein concluded and this Court agrees, May's claims of ineffective assistance of counsel are meritless.

### iv. May's Other Habeas Claims

As to May's remaining claims, the Court finds Magistrate Judge Gorenstein's R&R thorough, well-reasoned and not clearly erroneous. Accordingly, the Court adopts Magistrate Judge

9

Gorenstein's recommendation not to issue a writ of habeas corpus on the basis of those claims.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Gorenstein in its entirety and DENIES May's Petition for a Writ of Habeas Corpus.  Because May has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         May ___, 2010